Argued and submitted March 16, ballot title certified as modified April 6, 2000

Kevin K. STARRETT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent,*

*and*

John NICHOLS
and Veral Tarno,
*Intervenors.*

(SC S47166)

John T. NICHOLS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S47170)
(Consolidated for Argument and Opinion)

999 P2d 458

Kevin K. Starrett, Canby, petitioner *pro se*, argued the cause and filed the petition and reply.

John DiLorenzo, Jr., of Hagen, Dye, Hirshey & DiLorenzo, P.C., Portland, argued the cause and filed the petition for petitioner Nichols.

Rolf C. Moan, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondent. With him on the memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

John DiLorenzo, Jr., of Hagen, Dye, Hirshey & DiLorenzo, P.C., Portland, argued the cause and filed the memorandum for intervenors.

GILLETTE, J.

Van Hoomissen, J., dissented and filed an opinion.

## GILLETTE, J.

■ These two ballot title review proceedings concerning the Attorney General's certified ballot title for a proposed initiative measure, denominated Initiative Petition 110 (2000), have been consolidated for purposes of argument and decision. Petitioners are electors who timely submitted written comments concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review in this court. *See* ORS 250.085(2) (setting that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035 (1997). *See* ORS 250.085(5) (setting out standard of review). For the reasons that follow, we conclude that the Attorney General's certified ballot title does not do so. We therefore modify it and, as modified, certify it to the Secretary of State.

The proposed measure, titled the "Firearms Act of 2000," would enact statutes that, *inter alia*, expand present provisions for background checks respecting the sale of firearms, provide limited immunity from liability for sellers of firearms if the purchaser causes harm to another, and alter criminal penalties imposed for the commission of certain crimes while armed with a firearm. The Attorney General certified the following ballot title for the measure:

"INCREASES FIREARM TRANSACTION
BACKGROUND CHECKS; REQUIRES RECORDS
DESTRUCTION, SENTENCING CHANGES

"RESULT OF 'YES' VOTE: 'Yes' vote increases firearm transfers requiring background checks, requires destruction of records, changes sentencing laws.

"RESULT OF 'NO' VOTE: 'No' vote rejects increasing firearm transfers requiring background checks, requiring records destruction, changing sentencing laws.

"SUMMARY: Extends background-check requirement to all gun-dealer firearm transfers, not just handgun transfers. Creates background-check requirement, with exceptions, for nondealer transfers at events offering over 25 firearms. Prohibits background-check fees; current law allows $10 background-check fee. For lawful transfers, generally

requires record destruction within 24 hours; current law authorizes record retention for five years. Creates minimum sentence for felon-possessing-firearm conviction. Revises statute governing minimum sentences for use, threatened use, of firearm during felony. Expands certain crimes; other changes."

As noted, ORS 250.085(5) requires this court to review challenged ballot titles for "substantial compliance with the requirements of ORS 250.035." As applied to the present proceeding, the latter statute[1] requires that a ballot title contain a caption of not more than 10 words that "reasonably identifies the subject matter" of the proposed measure, ORS 250.035(2)(a) (1997), a "yes" result statement containing a "simple and understandable statement of not more than 15 words that describes the result if the state measure is approved," ORS 250.035(2)(b) (1997), a "no" result statement containing a "simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected," ORS 250.035(2)(c) (1997), and a summary that is a "concise and impartial statement of not more than 85 words summarizing the state measure and its major effect," ORS 250.035(2)(d) (1997).

■ In case number S47166, petitioner Starrett challenges only the legal sufficiency of the Attorney General's caption. We have considered petitioner Starrett's arguments concerning the caption, but conclude that none establishes that the Attorney General's caption fails to comply substantially with the requirements of ORS 250.035(2)(a) (1997).

■ We turn to the arguments presented by petitioner Nichols in case number S47170. Petitioner Nichols challenges the Attorney General's caption, his "yes" and "no"

---

[1] The 1999 Legislature amended ORS 250.035(2) in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present proposed measure is one of those to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035(2) (1997).

result statements, and his summary. We have considered his arguments concerning the caption and the "yes" and "no" result statements, but conclude that none establishes that the Attorney General has failed to comply substantially with the requirements of ORS 250.035(2)(a), (b), or (c) (1997). We turn to petitioner Nichols's arguments concerning the summary.

■ Petitioner Nichols challenges the Attorney General's summary in two respects, one of which we find to be well taken. He asserts that the Attorney General's summary fails to summarize the measure and its major effect, in that it does not mention that the proposed measure provides for qualified immunity from civil liability for persons who voluntarily comply with the background check provisions of the proposed measure, even when such persons are not required to do so. We agree with petitioner Nichols that such a limitation on personal liability is sufficiently important to be deemed a major effect of the proposed measure that should be included in the summary, provided that there is room within the 85-word limit to mention it. We also agree with petitioner Nichols that there is such room. The Attorney General's summary expends 11 words on a sentence describing the fact that the proposed measure eliminates the $10 background check fee that the State Police presently is authorized to charge. The fact that the fee is eliminated might be a major effect; the amount of the fee under existing law—although useful information—does not rise to the same level as the limitation on personal liability. We conclude that the summary must be modified by deleting the sentence discussing background check fees and inserting the following: "Prohibits background-check fees. Voluntary compliance creates qualified immunity from civil liability."

Based on the foregoing discussion, we certify to the Secretary of State the following ballot title:

INCREASES FIREARM TRANSACTION BACKGROUND CHECKS; REQUIRES RECORDS DESTRUCTION, SENTENCING CHANGES

RESULT OF "YES" VOTE: "Yes" vote increases firearm transfers requiring background checks, requires destruction of records, changes sentencing laws.

RESULT OF "NO" VOTE: "No" vote rejects increasing firearm transfers requiring background checks, requiring records destruction, changing sentencing laws.

SUMMARY: Extends background-check requirement to all gun-dealer firearm transfers, not just handgun transfers. Creates background-check requirement, with exceptions, for nondealer transfers at events offering over 25 firearms. Prohibits background-check fees. Voluntary compliance creates qualified immunity from civil liability. For lawful transfers, generally requires record destruction within 24 hours; current law authorizes record retention for five years. Creates minimum sentence for felon-possessing-firearm conviction. Revises statute governing minimum sentences for use, threatened use, of firearm during felony. Expands certain crimes; other changes.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. In my view, the Attorney General's certified ballot title substantially complies with the requirements of ORS 250.035 (1997). ORS 250.085(5).

The unspoken premise on which this court's modification decision is based is that it does not violate the principle of separation of powers for this court to rewrite a certified ballot title. *See Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting) (arguing that judicial modification of ballot titles offends Article III, section 1, of the Oregon Constitution); *Sizemore v. Kulongoski*, 322 Or 229, 237, 905 P2d 1146 (1995) (Durham, J., concurring) (same). The court should revisit that premise.